UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMIE BARLOW,<br><br>                    Plaintiff,<br><br>    - against -<br><br>THE MCCLATCHY COMPANY<br><br>                    Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Jeremie Barlow ("Barlow" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant The McClatchy Company ("McClatchy" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two (2) copyrighted photographs of Oprah Winfrey, owned and registered by Barlow, a Connecticut based celebrity and event photographer. Accordingly, Barlow seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant does business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Barlow is a professional photographer in the business of photographing celebrity events, weddings and corporate events, having a usual place of business at 82 Little Meadow Road, Guilford, Connecticut, 06437. Barlow's photographs have appeared in many publications around the United States.

6. Upon information and belief, McClatchy is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 2100 Q Street, Sacramento, California, 95816. At all times material hereto, McClatchy has owned and operated three (3) websites at the URL's: www.charlotteobserver.com , www.fresnobee.com and www.modbee.com (the "Website's") and the Charlotte Observer Twitter feed.

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph's**

7. On April 28, 2012, Barlow photographed Oprah Winfrey at an event in Charlotte, North Carolina (the "Photographs").  A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Barlow is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

9. The Photographs were registered with Copyright Office and were given pending Copyright Registration Number 1-3585443264 attached hereto as Exhibit B.

B. **Defendant's Infringing Activities**

10. Upon information and belief, on or about May 12, 2016, McClatchy ran an article on the Websites entitled *Event planner lost his biggest customer: Oprah. Here's what he did next*. See http://www.charlotteobserver.com/news/business/small-business/article77063757.html, http://www.fresnobee.com/news/nationworld/national/article77227362.html, http://www.modbee.com/news/nationworld/national/article77227362.html and also on the Charlotte Observer Twitter feed. The articles prominently featured the Photographs. A true and correct copy of the articles are attached hereto as Exhibit C.

11. McClatchy did not license the Photographs from Plaintiff for its articles, nor did McClatchy have Plaintiff's permission or consent to publish the Photographs on its Websites or Twitter feed.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST MCCLATCHY)
### (17 U.S.C. §§ 106, 501)

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. McClatchy infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Websites and Twitter feed. McClatchy is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by McClatchy have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST MCCLATCHY
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. When the Photograph was taken on April 28, 2012, the article contained copyright management information protected under 17 U.S.C. § 1202(b).

20. The conduct of McClatchy violates 17 U.S.C. § 1202(b).

21. Upon information and belief, McClatchy falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

22. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by McClatchy intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in

the Photographs. McClatchy also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

23. As a result of the wrongful conduct of McClatchy as alleged herein, Plaintiff is entitled to recover from McClatchy the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by McClatchy because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

24. Alternatively, Plaintiff may elect to recover from McClatchy statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant McClatchy be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant McClatchy be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs.

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either:
a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at

   least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.  That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.  That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203 (b);

7.  That Plaintiff be awarded pre-judgment interest; and

8.  Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
   June 16, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/ Richard Liebowitz
  Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Jeremie Barlow*